UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-416-GWU

SANDRA K. WARD,                                                                    PLAINTIFF,

VS.                                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                            DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Disability Insurance Benefits (DIB).  The appeal is

currently before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to
    Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
    404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-416 Ward

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

06-416 Ward

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

> pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

06-416 Ward

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Sandra K. Ward, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of lumbar and cervical disc disease, a history of migraine headaches, and a history of anxiety and depression.  (Tr. 18).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mrs. Ward retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 21-4).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE a series of hypothetical questions.  One of the hypothetical questions asked whether the plaintiff, a 50 year-old woman with a high school education and a history of semiskilled work experience and no transferrable skills, could perform any jobs if she were limited to "light" level exertion, and also had the following non-exertional restrictions.  (Tr. 531).  She: (1) could not climb ladders or scaffolds or bend; (2) should avoid more than occasional feeling with her fingers; and (3) had to avoid hazardous machinery.  (Id.).  The VE responded that there were jobs that such a person could perform and proceeded to give the numbers in which they existed in the state and national economies.  (Id.).  The ALJ then asked if there would be any jobs for the plaintiff if she were limited to

06-416 Ward

"sedentary" exertion, with a sit/stand option, and also had the following non-exertional limitations. (Tr. 532). She: (1) could not climb ladders or scaffolds; (2) could do no more than occasional feeling with her hands; and (3) would have a "limited but satisfactory" ability to deal with stresses, maintain attention and concentration, and demonstrate reliability. (Id.). The VE responded that there would be jobs available as an office clerk and an order clerk, with 900 jobs statewide and 64,000 nationally, but added that there would be no jobs available if the plaintiff had to move around to the point where she had to leave her work station. (Id.).

Neither of the hypothetical questions cited above precisely matched the ALJ's ultimate residual functional capacity finding which limited Mrs. Ward to "light" level exertion with a sit/stand option, no bending or climbing of ladders, ropes, or scaffolds, no exposure to hazardous machinery, occasional feeling, and a "limited but satisfactory" ability to respond to stress, demonstrate reliability, and maintain attention and concentration. (Tr. 21). The sedentary restriction given by the ALJ would be essentially consistent with the ALJ's ultimate findings, but suffers from several shortcomings.

Opinions regarding the plaintiff's mental restrictions were given by a state agency psychologist, Dr. Ed Ross, on December 30, 2004. Dr. Ross indicated that the plaintiff would be moderately limited in her ability to perform acts within a schedule, maintain regular attendance, and be punctual within customary tolerances as well as in her ability to interact with the general public, in addition to the factors

8

06-416 Ward

given in the sedentary hypothetical. (Tr. 406-8). One of the plaintiff's treating psychiatrists, Dr. B. Kaza, had diagnosed a depressive disorder and post-traumatic stress disorder in June of 2004, and assigned a Global Assessment of Functioning (GAF) score of 50. (Tr. 231-2). A GAF score in this range reflects serious symptoms. Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. There is some evidence of subsequent improvement in the notes of another psychiatrist, Dr. S. Raza, including a GAF of 61, but the treatment period was short and the psychiatrist did not give any specific restrictions. (Tr. 237, 240, 248). Dr. Ross was the only reviewer to give specific restrictions, which were not clearly contradicted by any other professional source. Therefore, the hypothetical question was deficient in this respect.[1] In addition, the VE identified a very small number of jobs available to the hypothetical individual, and the addition of limitations in the person's ability to be punctual, maintain regular attendance, and perform acts within a schedule could have a significant additional vocational impact.

The court also notes in passing the possible vocational significance of a statement by a pain specialist, Ionut Stefanescu, who examined the plaintiff in December, 2005 on referral from her family physician. (Tr. 431). Noting that the

---

[1]The Commissioner's regulations provide that findings of state agency medical and psychological consultants must be considered as opinion evidence, except for the ultimate determination of disability. 20 C.F.R. Section 404.1527(f)(2)(I). The ALJ stated that "the findings of the state agency reviewing psychologists are overall consistent with the evidence of record," which implies agreement with their specific limitations. (Tr. 21).

9

06-416 Ward

plaintiff's cervical spine imaging studies showed extensive degenerative changes and severe anterior osteophyte formation, and that the plaintiff was complaining of unexplained episodes of falling, the specialist recommended limiting medication causing drowsiness as a side effect, including opioid medications, benzodiazepines, and muscle relaxants, but recommended the continued use of the muscle relaxant Flexeril "only as needed and try to lay down and avoid activity for the duration of the effect of that medication." (Tr. 433). The plaintiff's medication list submitted at the subsequent administrative hearing indicated that she was taking Flexeril two to three times a day, in addition to other types of medications which Dr. Stefanescu had indicated would cause drowsiness and had implicated as a possible cause of the plaintiff's episodes of falling. (Tr. 157). The fact that a physician has identified side effects of prescribed medication as causing these problems, and recommended that the plaintiff lie down, is clearly a medication side effect which should have been considered. 20 C.F.R. Section 404.1529(c)(3)(iv).

The decision will be remanded for further consideration.

This the 11th day of July, 2007.



**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**

10